UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| OLDCASTLE PRECAST, INC.,<br><br>    Plaintiff,<br><br>    *v.*<br><br>CONCRETE ACCESSORIES OF GEORGIA, INC., AREVA FEDERAL SERVICES LLC, and LIBERTY MUTUAL INSURANCE COMPANY,<br><br>    Defendants. | Case No. 4:17-cv-00164-BLW<br><br>**TRIAL SETTING ORDER** |
| AREVA FEDERAL SERVICES LLC,<br><br>    Counterclaimant/Crossclaimant,<br><br>    *v.*<br><br>OLDCASTLE PRECAST, INC., CONCRETE ACCESSORIES OF GEORGIA, INC.,<br><br>    Counterdefendants,<br><br>    &<br><br>LIBERTY MUTUAL INSURANCE COMPANY,<br><br>    Crossclaim defendant. | |

**TRIAL SETTING ORDER - 1**

Following a conference with all counsel and the Court's staff on February 1, 2019, the Court enters the following Pre-Trial order:

1. <u>Motions in Limine</u>: All responses to pending motions in limine shall be due no later than **July 12, 2019**.

2. <u>Exhibits</u>: A Joint Exhibit List shall be submitted no later than **July 12, 2019**.

3. <u>Trial Schedule</u>: Jury selection shall begin on **Monday, August 12, 2019**, at 1:30 p.m. The taking of evidence shall be concluded on **August 23, 2019**.

4. <u>Typical Trial Day</u>: Trial will be conducted from 8:30 am to 2:30 pm, with two breaks (about 15 to 20 minutes each) at about 10:30 am and 12:30 pm.

5. <u>Number of Jurors</u>: The Court will seat 7 jurors to try the case.

6. <u>Peremptory Challenges</u>: Under 28 U.S.C. § 1870, each party is entitled to three peremptory challenges.

7. <u>Voir Dire Jury Panel Size</u>: To pick a jury of 7 with 6 total peremptory challenges, the Court will originally seat 13 jurors for voir dire, with all remaining jurors to sit in the back of the courtroom to be called up if a juror is excused for cause.

8. <u>On-The-Clock</u>:
   a. The parties will be allotted 46 hours of total time to try this case. The 46 hours was computed by multiplying the trial days (9) by 5 hours, which is the number of hours in a typical trial day. In addition, the Court anticipates

that there will be roughly an hour after a jury is selected on Monday, August 12, 2019 in which the Parties will give their opening statements.

  b. The Court will keep track of the time each party uses, and provide reports to counsel at the end of each trial day.

  c. The clock is running on a party conducting opening statement, direct, cross, objections that are unsuccessful, and closing argument.

  d. The clock is not running during voir dire.

9. <u>Percentage Allocation of 46 Hours to Each Party</u>:

   a. The Court will determine the percentage of time to be allocated to each party during the pre-trial conference. If the Parties stipulate to a division of the hours, they should inform the Court's clerk prior to the pre-trial conference.

10. <u>Time Limits on Voir Dire</u>: Each party will get 30 minutes to do their own voir dire.

11. <u>Opening Statements</u>: The Court will not put restrictions on counsel but simply notes the marked drop-off in juror attention spans after listening to about 20 minutes of an opening statement. The Court requests that counsel notify the Court if either party expects opening statements to exceed 30 minutes.

12. <u>Trial Procedures</u>:

a. During trial, the jury will be in the box hearing testimony the entire trial day between 8:30 a.m and 2:30 p.m., except for the standard fifteen to twenty-minute recesses.

b. During the time the jury is in the jury box, no argument, beyond one sentence evidentiary objections, shall be allowed to interrupt the flow of testimony. If somewhat more extensive argument is needed, the Court may call for a sidebar. If the matter cannot be resolved at sidebar, counsel will be directed to avoid the objectionable subject and continue on a different line of questioning so that the objection can be argued and resolved at another time, either after 2:30 p.m or before 8:30 a.m.

c. Counsel shall have enough witnesses ready to ensure a full day of testimony. If witnesses are unavoidable delayed, counsel shall promptly notify the court and opposing counsel.

13. <u>Notice of Next-Day Witnesses</u>: The parties agree that witnesses will be identified as to when they will testify 36 hours in advance, including a list of any demonstrative exhibits to be used by said witnesses.

14. <u>Examination & Objections</u>

    a. When you announce the name of your witness, the Court or the clerk will summon them forward to be sworn, the clerk will administer the oath and, after the witness is seated, ask the witness to state their name and spell their

last name for the record. I will then indicate to counsel that they may inquire of the witness.

b. Please do not address parties or witnesses (including your own) by her or his first name unless such familiarity is clearly appropriate, and is not likely to be offensive to the witness or any juror.

c. In case of doubt, don't.

d. Your clients and your witnesses should be instructed that they should always refer to you and opposing counsel by their last names.

e. Objections and motions before the jury should be very spare.

   i. <u>Examples of improper objections</u>: "I object to that question, Your Honor, because I am sure that Charlie Witness didn't read that document very carefully before he signed it"; or, "I object, Your Honor, because Charlene Witness has already testified that she can't remember".

f. Obviously these "speaking objections" would suggest an answer.

g. While bench conferences can be distracting and are discouraged, they are preferable to statements such as those cited above. Almost all objections should be stated in one to three words ("hearsay", "asked & answered", "irrelevant", etc.).

**TRIAL SETTING ORDER - 5**

h. I **never** send the jury out of the courtroom to hear arguments of counsel. If necessary, but only if necessary, counsel can raise an issue at a sidebar conference. However, even those interruptions in the flow of the evidence will only be permitted if absolutely necessary.

15. <u>Jurors</u>: You are responsible to advise your clients, your witnesses and everyone associated with your client to avoid **all** contact with the jurors. This prohibition includes seemingly innocuous behavior like riding on an elevator with a juror, saying hello to a juror, or even acknowledging the juror's presence.

16. <u>Jury Instruction Conferences</u>: I try to conduct at least 2 or 3 informal jury instruction conferences off the record to try and resolve most differences by agreement. Those sessions will be held at the end of the trial day and may stretch into the evening. At the end of those sessions, we will have refined the issues of contention so that I can give you a set of my final instructions and you can state your objections on the record.

DATED: February 4, 2019

B. Lynn Winmill
United States District Judge