# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| OLDCASTLE PRECAST, INC., <br><br> Plaintiff, <br><br> v. <br><br> CONCRETE ACCESSORIES OF GEORGIA, INC., AREVA FEDERAL SERVICES LLC, and LIBERTY MUTUAL INSURANCE COMPANY, <br><br> Defendants. | Case No. 4:17-cv-00164-BLW <br><br><br> **MEMORANDUM DECISION AND ORDER** |
| AREVA FEDERAL SERVICES LLC, <br><br> Counterclaimant/Crossclaimant, <br><br> v. <br><br> OLDCASTLE PRECAST, INC., CONCRETE ACCESSORIES OF GEORGIA, INC., <br><br> Counterdefendants, <br><br> & <br><br> LIBERTY MUTUAL INSURANCE COMPANY, <br><br> Crossclaim defendant. | |

**MEMORANDUM DECISION AND ORDER - 1**

# INTRODUCTION

Presently before the Court are two ripe motions: CONAC's Third Motion in Limine (Dkt. 104) and Crossclaim Defendant Liberty Mutual Insurance Company's Motion for Costs and Fees (Dkt. 120). The Court DENIES CONAC's Third Motion in Limine (Dkt. 104) and GRANTS Crossclaim Defendant Liberty Mutual Insurance Company's Motion for Costs and Fees (Dkt. 120) in a reduced amount.

# ANALYSIS

## 1. CONAC's Motion *In Limine* Is Improper

### A. *Background*

The deadline for dispositive motions in this case was October 19, 2018. Dkt. 34. CONAC filed a Motion for Partial Summary Judgment (Dkt. 71) that was denied (Dkt. 115). After the dispositive motion deadline passed, CONAC filed this motion. CONAC seeks an order:

> determining that Plaintiff Oldcastle Precast, Inc. … is not entitled to indemnity from CONAC for its defense against the counterclaim of [Areva] if the jury in any trial of this matter finds that Oldcastle is at least partially liable to … [Areva].

Dkt. 104-1 at 2. Thus, CONAC's motion is conditional in at least two respects. First, it requires this Court to determine, as a matter of law, that CONAC is not responsible for indemnifying Oldcastle in the event Oldcastle is liable to Areva. Second, the Court's order would apply only if the jury determined that (1) CONAC is not liable and (2) Oldcastle is liable.

### B. *Legal Standard*

There is no express authority for motions in limine in either the Federal Rules of Civil Procedure or the Federal Rules of Evidence. Nevertheless, these motions are well recognized in practice and by case law. *See, e.g.*, *Ohler v. United States*, 529 U.S. 753, 758 (2000). The key function of a motion in limine is to "exclude prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 (1984). Parties may use motions *in limine* to seek relief that is more properly sought through motions for summary judgment. *See Bright Harvest Sweet Potato Co. v. H.J. Heinz Co.*, L.P., No. 1:13-CV-296-BLW, 2015 WL 1020644, at *4 (D. Idaho Mar. 9, 2015); *Fort Hall Landowners All., Inc. v. Bureau of Indian Affairs*, No. CV-99-52-E-BLW, 2007 WL 2187256, at *1 (D. Idaho July 16, 2007) ("A true motion in limine would seek a ruling in advance of trial on whether certain evidence [was admissible].").

### C. *Analysis*

CONAC's request is a motion for summary judgment presented in the guise of a motion *in limine*. CONAC's motion does not seek to exclude any evidence; instead, CONAC asks the Court for a determination regarding Oldcastle's indemnity claim "[a]s a matter of law." Dkt. 104-1 at 7. Simply put, the deadline for dispositive motions has

passed.  The determination of whether CONAC must indemnify Oldcastle will be put in the hands of the jury.[1]

### 2. Liberty Mutual Is Entitled to Limited Costs from Areva and Is Not Entitled to Attorneys Fees

#### A. *Background*

Next, the Court addresses Crossclaim Defendant Liberty Mutual Insurance Company's Motion for Costs and Fees.  Dkt. 120.  Liberty Mutual "moves this Court pursuant to RULES 54(d) of the Federal Rules of Civil Procedure, 28 U.S.C. § 1920 and Idaho Code §§ 12-123 and 41-1839 for an award of costs and [attorneys] fees."  Dkt. 120.  With respect to costs, Liberty Mutual seeks to recover the $5,157.73 it paid for seven deposition transcripts.  Dkt. 121-1 at 2.  Liberty Mutual also seeks reimbursement for $25,208.10 in attorney fees.  *Id.*  With respect to attorneys fees, Liberty Mutual argues that "Areva's claims were brought frivolously and without a reasonable basis in fact or law."  Dkt. 120 at 2.

#### B. *Legal Standard*

##### 1. Rule 54(d) and 28 U.S.C. § 1920

Section 1920(2) of Title 28 of the U.S. Code provides "A judge or clerk of any court of the United States *may* tax as costs … [f]ees for printed or electronically recorded transcripts *necessarily obtained* for use in the case" (emphasis added).  "Even where a

---

[1] Because the Court denies CONAC's motion, it does not reach Oldcastle's argument regarding consequential damages.  That issue also remains for trial.

transcript is necessarily obtained, however, the court must determine whether awarding such costs would be fair and equitable under the circumstances." *Harmon v. United States by & through Bureau of Indian Affairs*, No. 4:15-CV-00173-BLW, 2017 WL 6028338, at *2 (D. Idaho Dec. 5, 2017) (internal quotation omitted).

### 2. Idaho Law

Idaho law governs the award of attorney fees in this matter. *Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1024 (9th Cir. 2003). Idaho Code Section 41-1839(4) provides:

> Notwithstanding any other provision of statute to the contrary, this section and section 12-123, Idaho Code, shall provide the exclusive remedy for the award of statutory attorney's fees in all actions or arbitrations between insureds and insurers involving disputes arising under policies of insurance. Provided, attorney's fees may be awarded by the court when it finds, from the facts presented to it that a case was brought, pursued or defended frivolously, unreasonably or without foundation.

Section 12-123(1)(b)(ii) of the Idaho Code defines "frivolous conduct" as the assertion of a claim that "is not supported in fact or warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law." The awarding of fees for frivolous actions is entrusted to the trial court's discretion. *Ackerman v. Bonneville Cty.*, 140 Idaho 307, 313(Id. Ct. App. 2004).

### C. *Analysis*

Beginning with Liberty Mutual's request for costs associated with its acquisition of the seven deposition transcripts, the Court finds that Liberty Mutual is entitled,

pursuant to Areva's stipulation, to $1,118.87 in costs associated with Joe Blackburn Stringer's deposition. Dkt. 130 at 6. The Court agrees with Areva's ultimate argument[2], however, that Liberty Mutual is not entitled to costs for the six other deposition transcripts. Liberty Mutual's counsel's affidavit and briefing fails to detail *how* the six other deposition transcripts assisted Liberty Mutual in crafting its summary judgment arguments. Thus, the Court cannot determine if the depositions were "necessarily obtained" in support of Liberty Mutual's motion. 28 U.S.C. § 1920(2). Furthermore, the Court cannot determine if awarding Liberty Mutual's costs is "fair and equitable under the circumstances." *Harmon*, 2017 WL 6028338, at *2.

The Court also finds that Liberty Mutual is not entitled to its attorneys fees. A party is entitled to fees under Idaho Code Section 41-1839(4) only if the opposing party's claims were "frivolous." Although the Court granted Liberty Mutual summary judgment, that fact alone does not mean that Areva's claims were frivolous. *Tolley v. THI Co.*, 140 Idaho 253, 263 (2004) (denying the party to which summary judgment was granted attorneys fees because even though the opposing party's "positions were erroneous as a matter of law, her arguments were not so fallacious as to be frivolous, unreasonable or

---

[2] The Court's decision results from its own assessment of the statute and corresponding case law. Areva's briefing implicitly asks the Court to adopt a bright line rule that a party that fails to incorporate deposition testimony into its briefing may not obtain costs for those deposition transcripts. Areva does not point to any case law with this holding however, and the text of the statute seemingly does not bear out Areva's argument. Nevertheless, the Court declines to decide this issue and instead rests its decision on the fact that Liberty Mutual failed to properly support its motion for costs.

without foundation"). Furthermore, at oral argument the Court acknowledged that the condition precedent language upon which Liberty Mutual relied was atypical and required close scrutiny by the Court. Dkt. 128 at 29:9 – 32:22. Thus, the Court finds that Areva's argument, though ultimately unavailing, was not "frivolous, unreasonable, or without foundation" pursuant to Section 12-123(1)(b)(ii) of the Idaho Code. Liberty Mutual is therefore not entitled to attorneys fees under Idaho Code Section 41-1839(4).

## ORDER

**IT IS HEREBY ORDERED:**

1. CONAC's Third Motion in Limine (Dkt. 104) is **DENIED**.
2. Crossclaim Defendant Liberty Mutual Insurance Company's Motion for Costs and Fees (Dkt. 120) is **GRANTED** in the amount of $1,118.87.

DATED: May 3, 2019

B. Lynn Winmill
U.S. District Court Judge